ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/25/25

---

OMAR ABUKHADRA,

                              Plaintiff,

        - against -

CALYON SUPPLEMENTAL EXECUTIVE
RETIREMENT PLAN, MOIRA BANNON, AND
CREDIT AGRICOLE CORPORATE AND
INVESTMENT BANK,

                              Defendants.

---

25 Civ. 02134 (LLS)

OPINION & ORDER

Defendants Calyon Supplemental Executive Retirement Plan, Moira Bannon, in her capacity as Plan Administrator, and Credit Agricole Corporate and Investment Bank (collectively "Calyon") move to dismiss plaintiff Omar Abukhadra's Complaint as time-barred pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 18). For the reasons below, Calyon's motion is denied.

## Background

The following facts are taken from the Complaint (Compl., Dkt. No. 1) and presumed true for the purposes of this motion.

In September 1989, Abukhadra began working at Calyon and enrolled in a Supplemental Executive Retirement Plan ("SERP"). Id. ¶ 20. The SERP is a deferred compensation plan for Calyon executives, which provides a monthly supplemental retirement benefit based on a participant's prior earnings. Id. ¶ 10; see also Compl., ex. B.

- 1 -

Calyon terminated Abukhadra's employment in 2005 and paid him approximately nine million dollars in severance in early 2006. See Compl. ¶¶ 28-29; Def. Br. at 3, Dkt. No. 19. Abukhadra remained eligible for Calyon's SERP benefits, and he received at least two documents summarizing his benefits after his termination. The first was a Summary Plan Document ("SPD") in 2010, which synopsized the terms of Abukhadra's retirement plan. Compl., ex. C, p. 2. The second was a 2011 summary of Abukhadra's retirement benefits ("2011 Summary of Benefits" or "Summary"), which listed his six highest-salaried years at Calyon but omitted his severance payment. Def. Br. at 3-4, Dkt. No. 19.

Abukhadra became eligible for SERP benefits in August 2023 and received a letter detailing payment options on August 11, 2023. Id. ¶ 31. Upon reviewing the letter, he discovered the SERP's terms classified his severance payment as "compensation," and it should have been included as part of his 2006 compensation for the purposes of calculating his retirement benefits. Id. ¶ 33. Abukhadra claims he was previously advised that his retirement benefits were based only on his "global annual salary." Def. Br., ex. 1, Dkt. No. 20.

Abukhadra contacted the Plan Administrator regarding the alleged miscalculation, and in January 2024, he was informed that his severance payment would not be included in the

- 2 -

calculation of his retirement benefits. Id. ¶ 35. In rendering this decision, the Plan Administrator relied on a definition of "compensation" from the SPD that conflicted with the definition of "compensation" in the SERP. Id.

This Court is tasked with resolving which definition of "compensation" governs the calculation of Abukhadra's retirement benefits. The SERP defines "compensation" as, in relevant part, "**total compensation** reported in Box 1 (or its equivalent)," whereas the SPD defines "compensation" as, in relevant part, "**annual pay** as reported on Box 1 (or its equivalent)." Id. ¶ 37 (emphasis added). The distinction between these definitions is slight but significant. Under the SERP's definition, Abukhadra's nine-million-dollar severance payment would be part of his 2006 compensation for the purposes of calculating his retirement benefits. Under the SPD's definition, it would not.

Abukhadra seeks a declaratory judgment that his severance payment should have been included in his 2006 compensation pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") Section 502(a)(1)(B). Compl. ¶ 1. Defendants move to dismiss Abukhadra's claim as time-barred by the applicable six-year statute of limitations. Def. Br. at 1, Dkt. No. 19. Calyon asserts the claim expired in January 2017, six years after Abukhadra received the 2011 Summary of Benefits omitting his severance payment. Id. at 4.

## Legal Standard

### I.    Motion to Dismiss

A motion to dismiss for failure to comply with the statute of limitations is treated as a motion to dismiss under Rule 12(b)(6). Pac. Life Ins. Co. v. US Bank Nat'l Ass'n, 636 F. Supp. 3d 366, 388 (S.D.N.Y. 2022). The Court accepts "all factual allegations in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." Kelly-Brown v. Winfrey, 717 F.3d 295, 304 (2d Cir. 2013).

To survive a motion to dismiss, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### II.    ERISA Statute of Limitations

ERISA does not prescribe a statute of limitations for civil enforcement actions, so "the applicable limitations period is that specified in the most nearly analogous state limitations statute." Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan, 572 F.3d 76, 78 (2d Cir. 2009) (internal quotations omitted). Under New York law, an action under a contract, which includes employee benefit plans, must be

- 4 -

commenced within six years. Hirt v. Equitable Ret. Plan for Emps., 450 F. Supp. 2d 331, 333 (S.D.N.Y. 2006). Therefore, courts in this Circuit apply New York's six-year statute of limitations for contract actions to ERISA claims. See Burke, 572 F.3d at 78; see also Skelly v. Ins. Servs. Off. Inc., 2014 WL 13115765, at *3 (S.D.N.Y. Sept. 15, 2014), aff'd, 599 F. App'x 409 (2d Cir. 2015) ("New York's six-year limitations period for breach of contract claims under N.Y. C.P.L.R. § 213 normally governs ERISA breach of contract claims.").

"[N]otice of a miscalculation can be imputed to a pensioner—and the statute of limitations will start to run—when there is enough information available to the pensioner to assure that he knows or reasonably should know of the miscalculation." Novella v. Westchester Cnty., 661 F.3d 128, 147 (2d Cir. 2011). This is a "case-by-case reasonableness inquiry," which, "may in some cases require a resource-intensive, claimant-by-claimant inquiry to determine when a pensioner knew or reasonably should have known that his benefits were miscalculated." Id. at 147-48.

### Discussion

Determining when Abukhadra knew or should have known of the alleged miscalculation requires first identifying what, precisely, he was meant to be on notice of. Defendants frame the question as when Abukhadra knew his SERP retirement benefits excluded his severance payment. However, accepting the

allegations in Abukhadra's Complaint as true - as we must at this stage - the question is more nuanced.

Because this is a dispute over which definition of "compensation" governs the calculation of Abukhadra's retirement benefits, the proper notice question is when Abukhadra knew or should have known that two conflicting definitions of "compensation" existed - one that would include his severance payment and one that would not.

The Second Circuit is clear that notice accrues when a beneficiary has sufficient information to reasonably realize a miscalculation. Applying the required fact-based inquiry, the 2011 Summary of Benefits did not contain enough information to place Abukhadra on notice that his retirement benefits were calculated using a definition of "compensation" that was inconsistent with the SERP. The Summary does not define "compensation." In fact, it does not use the term at all. It also does not reference the SERP or the SPD, the two documents with the conflicting definitions. Instead, the Summary comprises approximately half of a page and lists Abukhadra's six highest-salaried years and an annual benefits estimate. This is too indefinite to commence the statute of limitations period.

Calyon argues that Abukhadra was a sophisticated business executive who should have known to verify the 2011 Summary of Benefits against the version of the SERP he received in 1989.

- 6 -

However, requiring Abukhadra to consult documents he received two decades prior to identify potential inconsistencies is precisely the kind of burden the Second Circuit prohibits. Beneficiaries are not required "to make a sophisticated chain of deductions about the meaning of the information on their statements and the mechanics underlying their benefits, with the opaque guidance contained in the SPD as their guide." Osberg v. Foot Locker, Inc., 862 F.3d 198, 207 (2d Cir. 2017).

Whether Abukhadra's severance payment should have been included in his 2006 compensation is unresolved, pending a determination of the proper application of the term "compensation." However, it is clear that the 2011 Summary of Benefits contained insufficient information to begin the statute of limitations. Accordingly, defendants' motion to dismiss plaintiff's claim as time-barred must be denied.

### Conclusion

Defendants' motion to dismiss and request for oral argument on the motion are denied. (Dkt. Nos. 18, 22).

So ordered.

Dated: New York, New York

November **2 5** 2025

_Louis L. Stanton_

LOUIS L. STANTON

U.S.D.J