

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

OMAR ABUKHADRA

                Plaintiff,

    v.

CALYON SUPPLEMENTAL EXECUTIVE
RETIREMENT PLAN, MOIRA BANNON,
in her capacity as Plan Administrator of the
Calyon Supplemental Executive Retirement
Plan, and CREDIT AGRICOLE
CORPORATE AND INVESTMENT BANK,

                Defendants.

Civil Action No. 1:25-cv-2134



SONY
...ENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/1/26__

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Federal Rule of Evidence 502(d), and the Local Rules for the Southern District of New York, Plaintiff Omar Abukhadra ("Plaintiff") and Defendants Calyon Supplemental Executive Retirement Plan, Moira Bannon, in her capacity as Plan Administrator of the Calyon Supplemental Executive Retirement Plan, and Credit Agricole Corporate and Investment Bank (collectively, "Defendants") (with Plaintiff, the "Parties") request that this Stipulated Protective Order ("Protective Order" or "Order") be entered to govern the exchange of discovery materials by the parties and third parties, the use or exhibition of documents and things during discovery, and testimony containing confidential or proprietary personal, financial, or commercial information, as well as other kinds of commercially sensitive information in this Action. The Parties agree that the disclosure of such commercially sensitive information poses a substantial risk of harm to the legitimate interests of the Parties and third parties. Therefore, good cause exists for entry of this Protective Order to preserve the confidentiality of

1

certain documents and information, to outline procedures and reasonable restrictions on the disclosure of sensitive materials, and to permit discovery to proceed without delay.

The Parties acknowledge that this Protective Order only governs the disclosure, dissemination, and use of information between the Parties in this Action, and that it does not bind the Court.

## I.    DEFINITIONS

A.    "Plaintiff" means Plaintiff Omar Abukhadra.

B.    "Defendants" means Calyon Supplemental Executive Retirement Plan, Moira Bannon, in her capacity as Plan Administrator of the Calyon Supplemental Executive Retirement Plan, and Credit Agricole Corporate and Investment Bank, either individually or collectively as the case may be.

C.    "Party" or "Parties" means Plaintiff and Defendants, either individually or collectively as the case may be.

D.    "Confidential Material" means any material, including documents and testimony, that: (1) contains information that is not known to be in the public domain such as confidential personal, financial, or commercial information; and (2) in the good faith judgment of the Party designating the material as confidential, reasonably would cause specific or cognizable harm if disclosed publicly or to unauthorized persons.

E.    "Producing Party" means the Party or non-party producing or designating Confidential Material in connection with depositions, document production, or otherwise.

F.    "Receiving Party" means the Party receiving Confidential Material in connection with depositions, document production, or otherwise.

## II.    DESIGNATING CONFIDENTIAL MATERIAL

A.    If a Producing Party has a good faith belief that material, documents, or items required to be produced in discovery contain Confidential Material, and that good cause exists to overcome the presumption of public access to such material, documents, and items obtained in pretrial discovery, the Producing Party must designate such material, documents, or items, or portions thereof, as "CONFIDENTIAL." For deposition transcripts, the Producing Party must identify the specific pages and line numbers that contain Confidential Material within 14 calendar days of receipt of the final transcript, which period may be altered by written agreement of the Parties. All deposition transcripts shall be treated as CONFIDENTIAL until 14 calendar days after receipt of the final transcript or until the agreed-upon altered deadline for making confidentiality designations under this paragraph, and no individual attending such a deposition shall disclose the contents of the deposition to anyone who is not entitled to receive such Confidential Material until this period has expired. Upon being informed that certain portions of a deposition are to be designated as CONFIDENTIAL, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and shall limit disclosure of that transcript in accordance with the terms of this Order.

B.    Mass or indiscriminate designation of material, documents, or items as Confidential Material is prohibited. If any Party wishes to file a document on the public docket that contains material that has been designated as CONFIDENTIAL, the Parties shall confer in good faith regarding the portions of the document that qualify for protection under this Order and shall file the document either in redacted form if the Confidential Material is not at issue or, alternatively, under seal if the Confidential Material is at issue.

## III.    INADVERTENT FAILURE TO DESIGNATE PROTECTED MATERIAL

A.    An inadvertent failure to designate Confidential Material prior to disclosure does not preclude a subsequent designation, but a Receiving Party's prior disclosure of newly designated Confidential Material shall not violate this Order. In the event of subsequent designation of Confidential Material after disclosure, the Parties shall cooperate to undo disclosure of the subsequently designated Confidential Material and protect such material from future dissemination or public access.

## IV.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.    Any Party receiving Confidential Material may challenge the Producing Party's confidentiality designation by sending the Producing Party a written objection that identifies by bates range or other comparable indicator the specific documents for which the confidentiality designation is being challenged and that sets forth the objecting Party's basis for why the material is not confidential.

B.    Within seven (7) days of a written objection to the designation of Confidential Material, the Producing Party and the objecting Party must meet and confer in good faith to resolve the objection.

C.    If the Producing Party and the objecting Party are unable to resolve the dispute, the Producing Party must obtain a protective order to uphold the confidentiality designation within seven (7) days of the meet and confer. The Parties may agree in writing to participate in additional meet and confer sessions and, if they do, the deadline to seek a protective order will be extended until seven (7) days after any such meet and confer session during which the Parties agree that they are at an impasse and that no additional conferences will be productive. Failure to seek a protective order within seven (7) days of the final meet and confer terminates confidential treatment for the material.

D.     The burden of establishing that the confidentiality designation is proper is on the Producing Party.

E.     The document or information that is subject to dispute under this Section IV shall be treated as originally designated pending resolution of the dispute.

## V.     PERMITTED DISCLOSURES OF CONFIDENTIAL MATERIAL

A.     Confidential Material may be disclosed only to:

1.     the Parties, their counsel, and employees of the foregoing who have a legitimate need to access the information in connection with their responsibilities for overseeing the litigation or assisting counsel in connection with the litigation;

2.     experts, consultants, contractors, or other persons consulted or retained by the Parties or their counsel to assist in this litigation, provided that they sign Exhibit 1;

3.     secretarial, clerical, duplicating and data personnel of the foregoing experts, consultants, contractors, or other persons retained by the Parties or their counsel to assist in this litigation;

4.     the Court and court personnel;

5.     any officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of the foregoing;

6.     any person (and his or her counsel) who had prior access to the Confidential Material or participated in a communication that is the subject of the Confidential Material;

7.     any deponent may be shown or examined on any information, document, or thing designated as CONFIDENTIAL if it appears that the deponent authored or received a copy of it, was involved in the subject matter described therein, or is employed by the

5

party who produced the information, document, or thing, or if the Producing Party consents to such disclosure (and such consent shall not be unreasonably withheld);

8.    any auditors retained by any party, or federal, state, or other regulatory bodies; or

9.    any other persons or entities as required by law or as authorized by this Court or as agreed to by the Parties.

B.    Any person receiving Confidential Material shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

## VI.    USE OF CONFIDENTIAL MATERIAL

A.    A party seeking to file Confidential Material publicly on the docket of any action either must redact such material before filing or must seek leave to file the material under seal in compliance with Section 6 of the Southern District of New York's Electronic Case Filing Rules & Instructions and any other governing rule or order of the Court concerning sealing, unless the Producing Party consents to the public filing of such material or the Court orders that such material may be filed publicly.

B.    If the need arises during any hearing or trial in this Action for any Party to disclose Confidential Material, it may do so only after giving notice to the Producing Party and as directed by the Court. Any Confidential Material offered into evidence and retained by the Court shall not retain its status as Confidential Material under this Order unless the Court directs that such information be sealed.

## VII.    INADVERTENT PRODUCTION OR USE OF PRIVILEGED INFORMATION

A.    If information subject to a claim of attorney-client privilege, attorney work product immunity, or other legal privilege protecting information from discovery is inadvertently produced in any way, such production shall not constitute a waiver (subject matter or otherwise) of any claim

6

of privilege, work product immunity, or other ground for withholding production to which the producing party, third party, or other person otherwise would be entitled. The protections afforded inadvertent production herein shall be at least those provided in Federal Rule of Civil Procedure 26(b)(5)(B) and/or Federal Rule of Evidence 502.

B.    If a claim of inadvertent production of privileged information is made by a Producing Party, the Receiving Party shall:

1.    immediately upon receipt of the claim not make any further copies, reproductions, or transcriptions of the inadvertently disclosed information or document; if the inadvertent disclosure is discovered during a deposition, the claim for inadvertent production may be made orally and, upon such oral claim, all copies of the requested document physically at the deposition must be immediately returned at the deposition; and

2.    within five (5) calendar days of receipt of the claim of inadvertent production of privileged information, destroy or return to the Producing Party every original and every copy, reproduction, or transcription of all such inadvertently produced information or documents possessed by the Receiving Party and by those persons to whom the Receiving Party may have disclosed such information.

C.    Recognizing the need for the Parties to prepare for their cases based on the discovery that is produced, if any information, document, or thing is used openly in the case, *e.g.* at a court hearing, in a deposition, as an exhibit to a motion, or is referenced in an expert report or pretrial order, any claim of inadvertent production based on privilege must be made within two (2) weeks after such use.

D.    Nothing herein shall prevent a Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity, or other privilege designation, or from

7

presenting the information to the Court under seal for a determination of the privilege claim through a written challenge to the Court. The Receiving Party must preserve the challenged documents or information as Confidential Material until the claim is resolved.

E.    A Party is not required to log any privileged and/or work product protected document on a privilege log if such document was created on or after the date of the Complaint in the Action.

## VIII.    INADVERTENT USE OR DISCLOSURE OF CONFIDENTIAL MATERIAL

A.    If Confidential Material is inadvertently used or disclosed inconsistent with or in contravention of other provisions of this Protective Order, the information shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality after such inadvertent use.

B.    If Confidential Material is inadvertently disclosed to a deposition witness, and the witness has testified that he or she has knowledge concerning that information, the witness may be examined and cross-examined with respect to the document or information disclosed for the remainder of the deposition.

C.    If Confidential Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall within five (5) calendar days of learning of such disclosure inform the Producing Party of all pertinent facts relating to such disclosure. As soon as possible thereafter, the parties shall use reasonable efforts to obtain the prompt return of any such Confidential Material and obtain signed a Certification attached hereto as Exhibit A from each unauthorized person or party who received the Confidential Material. The requirements set forth in this Paragraph shall not prevent the Producing Party from requesting that the party responsible for the inadvertent disclosure take additional remedial steps and/or applying to the Court for additional relief.

8

Case 1:25-cv-02134-LLS    Document 46    Filed 05/29/26    Page 9 of 14

## IX.    PRODUCTION OR DISCLOSURE OF A THIRD PARTY'S INFORMATION

A.      Any subpoena or other notice to a third party requesting production of documents shall include a copy of this Protective Order.

B.      If a third party produces documents pursuant to a subpoena or other request issued by one of the Parties (or by Court order) and if the third party has not requested its documents be treated as CONFIDENTIAL, then it shall be presumed that the documents produced contain information for which the third party has determined require no designation under the Protective Order. The third party's documents and things shall be handled by all parties to the Action according to the appropriate designations under this Protective Order. The Party issuing the subpoena or other request for documents or things to the third party shall, within seven (7) calendar days, provide any non-requesting party with an identical copy of all documents produced in response to that subpoena or request.

C.      A Party in the Action may temporarily withhold production of otherwise discoverable information sought in a discovery request (*e.g.*, interrogatory, request for production, request for admission) if the Party is under an obligation to a third party not to disclose such information (*e.g.*, by prior agreement of confidentiality). In such an event (except for information subject to another protective order or confidentiality order by another court), the Producing Party shall:

1.      timely serve a written objection to the production of the requested information on the basis of its obligation to a third party not to disclose such information;

2.      promptly provide to the third party whose confidentiality interests are implicated (i) notice of the pending request to disclose the information, and (ii) a copy of this Protective Order; and

Case 1:25-cv-02134-LLS    Document 48    Filed 06/01/26    Page 10 of 14

3.      if the third party does not agree to disclosure of its information, then the Party requesting the documents or things from the third party may (i) serve a subpoena on the third party, if the Requesting Party has not already done so, or (ii) file a motion to compel production of the requested documents against a Party and/or third party in the appropriate Court.

## X.      TREATMENT OF CONFIDENTIAL MATERIAL AFTER LITIGATION

A.      Within 60 days of final resolution of all claims asserted in this action, including any appeal, all Parties, experts, contractors, consultants, or other persons retained by any party to assist in this litigation, as well as any witness or non-party, must destroy or return all Confidential Material they obtained during the course of the litigation, except as follows:

B.      Producing Parties may maintain copies of all of their own Confidential Material.

C.      Counsel may retain copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of the Protective Order.

D.      This Order continues to govern Confidential Material after the conclusion of the case, absent further order of the Court.

## XI.      MISCELLANEOUS PROVISIONS

A.      This Protective Order shall be binding upon the Parties to the Action and signatories to the Certification, including their successor(s) and assigns, and their respective attorneys, agents, representatives, officers, and employees.

B.      This Protective Order shall apply to all information and material produced in the Action, including all previously produced information and material prior to the execution of this Protective Order by the Court.

C.      To expedite the discovery process, until this Protective Order has been entered by the Court, the Parties agree that after counsel for the Parties execute this Stipulated Protective Order, it will be treated as though it had been "So Ordered."

D.      Nothing in this Protective Order shall prejudice the right of any Party or third party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

E.      By entering this Protective Order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or Party, including third parties, subject to this Protective Order who becomes subject to a motion to disclose another party's Confidential Material shall promptly notify the Producing Party of the motion so that the Producing Party may have an opportunity to appear and be heard on whether that information should be disclosed.

F.      A legible photocopy of a document may be used as the "original" for all purposes in the Action unless under the circumstances it would be unfair to admit the duplicate in lieu of the original (*see* Fed. R. Evid. 1003).

G.      In the event that a new party is added, substituted, or otherwise brought into the Action, this Protective Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Protective Order.

H.      By written agreement of the Parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified, provided that any such stipulated modification shall be presented to the Court.

Case 1:25-cv-02134-LLS    Document 48    Filed 06/01/26    Page 12 of 14

I.    This Protective Order shall continue in force until amended or superseded by express order of the Court. This Protective Order shall survive termination of the Action, including any final judgment, appeal, or settlement to the extent the Confidential is not or does not become known to the public.

By: _____

Jaclyn M. Metzinger
Brianna J. Santolli
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007
jmetzinger@kelleydrye.com
bsantolli@kelleydrye.com


*Attorneys for Plaintiff Omar*
*Abukhadra*

By: _____

Barbara M. Roth
Lisa J. Fried
Tyler T. Hendry
HERBERT SMITH FREEHILLS
KRAMER NEW YORK LLP
1177 Avenue of the Americas
New York, New York 10036
barbara.roth@hsfkramer.com
lisa.fried@hsfkramer.com
tyler.hendry@hsfkramer.com

*Attorneys for Defendants Calyon*
*Supplemental Executive Retirement*
*Plan, Moria Bannon, in her capacity as*
*Plan Administrator of the Calyon*
*Supplemental Executive Retirement*
*Plan, and Credit Agricole Corporate*
*and Investment Bank*


SO ORDERED,

Dated: June 1, 2026       _____
                          Louis L. Stanton
                          UNITED STATES DISTRICT JUDGE

12

Case 1:25-cv-02134-LLS   Document 48   Filed 06/01/26   Page 13 of 14

## EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW YORK

| | |
|---|---|
| OMAR ABUKHADRA<br><br>               Plaintiff,<br><br>       v.<br><br>CALYON SUPPLEMENTAL EXECUTIVE RETIREMENT PLAN, MOIRA BANNON, in her capacity as Plan Administrator of the Calyon Supplemental Executive Retirement Plan, and CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK,<br><br>           Defendants. | Civil Action No. 1:25-cv-2134 |

## ACKNOWLEDGEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, acknowledge that I have been provided with a copy of the Protective Order entered in this action, I have reviewed it and understand its terms, and I agree to be bound by its terms and be subject to the jurisdiction of this Court in all matters relating to the Protective Order.

I will treat all Protected Material, as defined in the Protective Order, strictly in accordance with the terms set forth in the Protective Order. I will not share Protected Material with any unauthorized individual or entities, other than my counsel. I acknowledge that any unauthorized use or disclosure of such materials by me may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

13

Date: _____

_____

Signature

_____

Print Name